UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **AMALIA CHIMALHUA COLOHUA** | § | |
|     **Petitioner** | § | |
| | § | |
| **V.** | § | Civil Action # _____ |
| | § | |
| **THOMAS JOSEPH LAUGHLIN** | § | |
|     **Respondent** | § | |

**VERIFIED PETITION FOR THE RETURN OF THE CHILD TO PETITIONER AND PETITION FOR IMMEDIATE ISSUANCE OF SHOW CAUSE ORDER TO RESPONDENT**

### I.  Introduction

1. This action is brought by AMALIA CHIMALHUA COLOHUA (the "Mother") to secure the return of her child, two years and ten months old son, BTLC, who was, without Petitioner's consent or acquiescence, wrongfully removed from México by the child's father, Respondent, THOMAS JOSEPH LAUGHLIN. ("Father").

2. This petition is brought pursuant to The Convention on the Civil Aspects of International Children Abduction, done at the Hague on October 25, 1980[1] ("Convention") and the International Children Abduction Remedies Act[2] ("ICARA"). A copy of the Convention and ICARA are attached hereto as Exhibit A and Exhibit B. Both México and the United States are signatories to the Convention.

3. The objects of the Convention are:

    Article 1 (a):    To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

    Article 1 (b):    To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

---

[1] T.I.A.S. No. 11, 670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10494 (1986).

[2] 42 U.S.C. §11601 *et. seq.*

1

4. The Father's removal of the child from México is in breach of the Mother's custody rights under Mexican law.

## II.   Jurisdiction

5. This Court has jurisdiction pursuant to 42 U.S.C. § 11603 because this case involves the removal and retention of a child under the age of sixteen from his country of habitual residence of México, and the child is currently located within the jurisdiction of this Court.

6. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of an underlying custody dispute.  Convention, art 6.

## III.   Statement of Facts

7. Petitioner (the "Mother") and Respondent (the "Father") were married on September 12, 2011 in Webb County, Texas.  They are the parents of BTLC, who was born on July 28, 2013 in Nuevo Laredo Tamaulipas, México.  The family has lived in Nuevo Laredo, Tamaulipas, México since the date of marriage until the date the child was wrongfully removed by the Father, on August 16, 2015.

8. On August 16, 2015 around 4:30 a.m., the Father, abducted BTLC by force and against the Mother's will.  The Mother attempted to stop the abduction, but the Father absconded with the child and did not tell the Mother his destination.  On August 17, 2015, the Mother learned through the Father's family that he removed the child to Houston, Texas.

9. The Mother has requested that the Father return the child to Mexico, but efforts to secure the voluntary return through the Father and his family have failed.

10. On August 20, 2015 the Mother reported the Father to the Federal Public Prosecutor's Office for the wrongful removal of the child from Mexico.

2

11. On August 21, 2015 the Mother filed before the Central Authority an Application for Assistance under the Hague Convention to return the child.

### IV. Wrongful Removal and Retention of the Child by the Father

12. Petitioner, AMALIA CHIMALHUA COLOHUA, has a right of custody of the child within the meaning of Articles Three and Five of the Convention.

13. The child is two years and ten months old. The Convention applies to cases where a child under the age of sixteen (16) years has been removed from his or her habitual residence in breach of the custody rights of the Mother, which the Mother had been exercising at the time of the wrongful removal or retention of the child.

14. At the time of the child's wrongful removal, the Mother was actually exercising custody rights within the meaning of Articles Three and Five of the Convention.

15. At the time of their removal, the child was habitually residing in México.

16. The Mother has requested the return of the child to México pursuant to her Application for Assistance under the Hague Convention on the Civil Aspects of International Children Abduction 25 October 1980 through the Central Authority of México. A true and correct copy of the Mother's Application for Assistance is attached as Exhibit C.

17. The Mother has not consented or acquiesced to the child's removal from México. The Father has wrongfully removed the child from México within the meaning of Article 3 of the Convention and continues to wrongfully retain the child in the United States.

18. The Mother believes that the Father and child are presently in the great metropolitan area of Houston, Texas. The Mother's believes the child's precise location is at 14711 Barryknoll Houston, Texas 77079.

## V.     Provisional Remedies

18.     ICARA provides that a court "may take or cause to be taken measures under Federal or State Law, as appropriate to protect the well-being of the children involved or to prevent further removal or concealment before the final disposition of the petition." 42 U.S.C. 11604 (1995).  Section 11604(b) further provides that in a proceeding for the return of children, "[n]o court exercising jurisdiction may…order a children removed from a person having physical control of the children unless the applicable requirements of State law are satisfied." 42 U.S.C. §11604(b).  In this case, the State law referred to in subsection (b) is that of Texas.  Specifically, in Texas, the Uniform Children Custody Jurisdiction and Enforcement Act ("UCCJEA") is a source for statutory law governing the resolution of both domestic and international children custody disputes.  Tex. Fam. Code §152.001 *et seq*.  The UCCJEA, as set forth in Chapter 152 of Texas Family Code, authorizes this Court to order the appearance of the children and custodian or custodians together.  TEX. FAM. CODE §152.210.  Therefore, this Court has the authority to order the immediate appearance of Respondent and the child together.

19.     The Mother requests, for the well-being of the child, that se be given immediate possession of or access to and visitation with the child, pending further hearing in this Court.

20.     Pending further hearing, it is further requested that this Court issue an immediate order prohibiting the removal of BTLC from the jurisdiction of this Court, taking into safe-keeping all of the Father and the child's travel documents.

21.     The Mother requests that this Court schedule an expedited hearing on the merits of this Petition and order the Father to appear with the child for the purposes of an initial show cause hearing, as well as for the purposes of surrendering all travel documents and determining possession of and access to the child pending final hearing in this Court.

22. To this end, Mother has filed contemporaneously with this Petition a Motion for Order Prohibiting the Removal of the Child and for Expedited Show Cause Hearing and Final Evidentiary Hearing.

## VI. Relief Requested

WHEREFORE, Petitioner respectfully request the following relief:

a. The issuance of an Order directing a prompt return of the child to his habitual residence of México;

b. the issuance of an Order prohibiting the removal of the child from the jurisdiction of this Court;

c. the issuance of an Order requiring the Father to surrender all travel documents belonging to the Father and all travel documents belonging to the child.

d. the issuance of an Order providing reasonable periods of possession and/or visitation and access by the Mother while these proceedings are pending;

e. the issuance of an Order commanding Respondent to appear in this Court with the child to show cause why the child has been removed from México in contravention of the Convention;

f. the issuance of an Order directing Respondent to pay Petitioner legal costs and fees; and

g. any such relief as justice and its cause may require.

## VII. Service

Pursuant to 42 U.S.C. 11603(c), Respondent, THOMAS JOSEPH LAUGHLIN, should be personally served wherever he may be found.

## VIII. Attorney's Fees and Costs

Petitioner shall provide this Court with evidence regarding all expenditures to date incurred by Petitioner as a result of the wrongful removal and/or retention of the child by Respondent.

Petitioner requests that this Court award all costs and fees incurred by Petitioner to recover the child, as required under 42 U.S.C. 11607, reserving jurisdiction over further expenses.

Respectfully submitted,

LAURA DALE & ASSOCIATES, P.C.

/S/ Ashley V. Tomlinson
ASHLEY V. TOMLINSON
Texas State Bar No. 24075170
SDTX Bar No.: 1515478
atomlinson@dalefamilylaw.com
eserviceavt@dalefamilylaw.com (E-Service)
1800 Saint James Place, Suite 620
Houston, Texas 77056
Telephone: (713) 600-1717
Facsimile: (713) 600-1718
ATTORNEY FOR
AMALIA CHIMALHUA COLOHUA

## VERIFICATION

I, AMALIA CHIMALHUA COLOHUA, solemnly declare and affirm under the penalties of perjury and the laws of the United States of America that the contents of the foregoing Petition are true to the best of my knowledge, information and belief.

07.06.16
Date

*Amalia Ch.C*
AMALIA CHIMALHUA COLOHUA